### FEIBER *v.* LESTER *et al.*

(*Supreme Court, General Term, First Department.* February 11, 1891.)

1. REVIEW ON APPEAL—PRESUMPTIONS.
    Where the case on appeal from an order setting aside a verdict and directing a new trial fails to state that all the evidence has been included in it, the presumption arises that there was other proof fully warranting the action of the court.
2. SAME—OBJECTIONS NOT MADE BELOW.
    An objection that on the entry of an order setting aside a verdict as excessive no condition was made as to payment of costs comes too late when taken for the first time on appeal.

Appeal from special term, New York county.

Action by Joseph Feiber against Joseph H. Lester, Jr., and Benjamin W. Palmer to recover damages on an undertaking given upon issue of an attachment. The verdict was for $175, and the trial judge made a qualified order allowing the plaintiff $50, and failing his acceptance the verdict was to be set aside. Plaintiff refused to reduce his verdict, and now appeals from the order.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Henry M. Goldfogle,* for appellant. *B. C. Chetwood,* for respondent.

DANIELS, J. The verdict was for $175 as a compensation for a motion made in the city court to vacate an attachment. The motion was not attended with much labor or attention, and resulted in the attachment being set aside as unauthorized, and this action was brought against the persons who executed the undertaking for the services of the counsel making the motion. The court at the trial considered that the jury had transcended the proper effect of the evidence in their adjustment of the damages, and from the nature of the services rendered there is reason for believing that this view was correct. The witnesses gave their evidence before and were observed by the justice presiding, and his conclusion that the verdict was unsatisfactory is entitled to have weight in the disposition of the appeal. The inclination of the justices of this court is to refrain from interfering with verdicts, when that can be reasonably avoided; and that will ordinarily produce the belief that the verdict was wrong when the court at the trial has felt bound to set it aside. The case as it has been made does not deprive that belief of its foundation, for it fails to state that all the evidence has been included in it, and in that condition of it the presumption arises that there was other proof fully warranting the action of the court, even if there was uncertainty on the evidence, so far as it has been presented. Ordinarily, the payment of the costs of the trial is made a condition in the order setting aside a verdict for excessive damages, or because it may be unsupported by the evidence. But that practice does not appear to have been brought to the attention of the court in this instance, and that should have been done if it had been intended to claim such costs. It is to be inferred from the language of the order that it was entirely omitted, and for that reason the objection that the order was defective in this respect cannot be first made on the hearing of the appeal. The place to invoke its application was when the order was settled or entered. That not having been done, the appellant has lost the right now to complain. The order should be affirmed, with costs. All concur.